DAVID W. EDWARDS *vs.* HELEN C. JOHNSON.
EMILY C. EDWARDS *vs.* SAME.

EMILY C. EDWARDS *vs.* CHARLES R. WALKER.
DAVID W. EDWARDS *vs.* SAME.

MAY 3, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.  These four actions of the case for negligence, arising out of a collision between two automobiles, were tried together before a jury in the superior court and resulted in a nonsuit of the plaintiff in each case. They are here on the plaintiffs' bills of exceptions to such decisions. For convenience we shall discuss only the case of *Emily C. Edwards* v. *Charles R. Walker,* since these parties were the operators respectively of the automobiles involved in the

collision. These automobiles will be referred to as the plaintiff's car and the defendant's car.

The evidence discloses the following facts: The accident, which gives rise to the controversy, happened July 5, 1940. about five o'clock in the afternoon at or near the intersection of Babcock and Cactus streets, two public highways in the city of Providence. Babcock street runs generally from east to west and is about wide enough between curbs to accommodate three automobiles abreast of each other. Cactus street runs generally from north to south and is about three feet wider than Babcock street. For some distance both streets are straight and completely intersect each other. At the southwest corner, within the adjoining property line, a large tree and wild shrubbery were growing; but the latter, being about five feet high, had also grown in and over the sidewalk toward the curb, thus blocking the view at that corner to the south along Cactus street.

It was raining very hard and the plaintiff was driving her car easterly on Babcock street with its left wheels close to the center line thereof, as she approached the intersection at Cactus street. Plaintiff had driven through there frequently and was thoroughly familiar with the location. She knew that the tree and shrubbery at the southwest corner would completely block her view to the south along Cactus street and that it was a dangerous intersection. Therefore, according to her testimony, as she approached the intersection she slowed down from twenty to twelve miles per hour, blew the horn and shifted to a lower speed. When she came to a place where she could see to the south along Cactus street, that is, to her right, the front of her car had reached the corner just at or in the intersection. She then, for the first time, could and did see defendant's car approaching from the south on Cactus street and about two car lengths, 25 or 30 feet, from the intersection. It was coming rapidly, about twice as fast as her car was moving, and was on its own right of the center line of Cactus street, similar to her car's position on Babcock street.

Plaintiff had intended to go straight through the intersection to the east, but when she saw the defendant's car she attempted to get away from it and to avoid the impending collision by applying her brakes and turning to her left or northerly into Cactus street. The brakes, she testified, were in perfect condition. The cars actually came together in Cactus street to the north of the intersection. The plaintiff's car stopped on an angle, heading northeasterly, with its front near the easterly curb of Cactus street and against or close to the left side of the defendant's car. The latter was headed northerly but had mounted the curb and stopped with its front against a tree which was on the sidewalk near the easterly curb of Cactus street and about 15 feet north of the northerly line of the intersection.

A resident of the house at the corner where the cars had stopped heard the crash but did not see the accident. She testified as to the location of the cars immediately thereafter and verified the testimony in that regard of a police officer who arrived at the scene within some seven or eight minutes. Other than plaintiff and defendant, the only witness to the accident who appeared and testified was a passenger in the plaintiff's car, and she substantially corroborated the plaintiff's testimony in connection with the accident, including her knowledge of the existing conditions and the obstructed view at the southwest corner.

The plaintiff contends that the trial justice's decision granting defendant's motion for a nonsuit was erroneous because the evidence was uncontradicted at this stage of the case and, viewed most favorably to the plaintiff, was to the effect that she slowed down as she approached the intersection, blew the horn, had her car under control and had done all that a prudent person could reasonably be expected to do in the existing circumstances. She also argues that in any event the question of her contributory negligence, if any, was one of fact to be determined by the jury in the first instance and that her claim in this connection is supported by three similar cases, namely, *Lamb, Jr.* v. *Feyler,* 68 R. I. 83; *Simp-*

*son* v. *Gautreau,* 62 R. I. 309; *Higginbotham* v. *Young,* 59 R. I. 1.

The rules applicable generally in determining whether or not the plaintiff, in this type of case, was in the exercise of due care have been stated at length in *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co., Inc.,* 58 R. I. 451. Applying such rules to the evidence, which must be viewed most favorably to the plaintiff, we are of the opinion that the only reasonable conclusion is that the plaintiff did not have and exercise the control over her car that would reasonably be expected of a person of ordinary prudence in the same circumstances.

The instant case is not precisely like those happening at an ordinary intersection of two public highways, or even those involving a blind corner, so called, where the view is merely restricted to an extent by a building on or near the adjacent property line. Here the undisputed evidence shows that the plaintiff had frequently traveled in this vicinity, over the same route, and was entirely familiar with the existing conditions. Before she approached this location on the day of the accident, she was fully aware that the tree and shrubbery would prevent an efficient view by her to the south on Cactus street until the front of her car would be in or near the traveled portion of the intersection; and that the danger to be reasonably apprehended would come from a car that would not be seen as it approached from the south on Cactus street. She also knew that it was raining very hard, thus presenting a further restriction to general visibility and perhaps adding, because of the wet streets, some difficulty to be expected in controlling a car.

Having such knowledge of the conditions, and such an appreciation of the danger to be apprehended therefrom, she actually looked to her right when the front of her car had reached the corner just at or in the intersection. She then saw and fully realized that the defendant's car was coming toward the intersection on its own right-hand side of Cactus street and was so close and going so fast that a collision was

bound to result if she proceeded across the middle line of that street into the path of defendant's car. Notwithstanding such knowledge and appreciation of the danger to be apprehended, she drove her car from a place of safety across the middle line of Cactus street and into the pathway of or against the defendant's car. There was no evidence upon which the plaintiff could reasonably have assumed that the defendant intended to change direction, or to slow down, or to yield the right of way to her; or that it would be reasonably safe in the circumstances for her car to cross the middle line of Cactus street.

In the light of her special knowledge and appreciation of the dangerous conditions, we are of the opinion that the admitted evidence of her conduct leads to only one reasonable conclusion, namely, that she did not have and exercise such control of her car as was commensurate with the existing circumstances and as reasonably would be expected of a prudent person in the same circumstances.

The three cases, *supra,* relied on by plaintiff to support her contention that the issue of contributory negligence was one of fact to be determined by the jury in the first instance are all distinguishable from this case. In the case of *Lamb, Jr.* v. *Feyler, supra,* the plaintiff looked properly when entering the intersection and again before reaching the middle line of the cross street; and the impact took place before his car reached that middle line. Moreover, the defendant's car came from plaintiff's right and was on its wrong side of the road where a prudent person would not reasonably expect it to be.

In *Simpson* v. *Gautreau, supra,* the plaintiff had an unobstructed view along the cross street and saw the defendant's car sufficiently far away from the intersection and under such conditions as to make it a question for the jury to determine whether his conduct, in proceeding across the intersection, was that which would be expected of a reasonable and prudent person in those circumstances.

In *Higginbotham* v. *Young, supra,* the defendant's car was not within her view or near the intersection when she looked; and she had the right to assume that the operator of any car that was not then in her view but that might later approach the intersection from her left would observe the law and conditions in front of him and respect her right of way. On a view of the evidence most favorable to the plaintiff, it was held that reasonable men, applying the rules stated in the *Dembicer* case, might fairly draw different inferences and conclusions as to whether the plaintiff had acted as a prudent person would in the existing circumstances.

In any event, none of those cases involved the elements which, in our opinion, are the distinguishing factors in the instant case. Here the plaintiff had advance knowledge of the conditions and danger to be apprehended at the intersection, and an actual realization of imminent danger at a time when she was in a safe place and could have prevented her car from crossing the middle line and going into the path of defendant's car, if she had and exercised that control over it which reasonably would be expected of a prudent person in the same circumstances.

Plaintiff's exception in each case is overruled, and each case is remitted to the superior court for entry of judgment on the nonsuit.

*Joseph H. Coen, Carroll & Dwyer,* for plaintiffs.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for defendants.